

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN RESCUE PRODUCTS INC., | § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. 6:07-2936-HFF |
| BOUND TREE MEDICAL, | § § | |
| Defendant. | § | |

ORDER

**I.      INTRODUCTION**

This case was filed as a trademark infringement action coupled with several state causes of action. Pending before the Court is Defendant's motion to transfer venue. Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant Defendant's motion to transfer venue.

**II.     DISCUSSION AND ANALYSIS**

Defendant contends that the Court should transfer the case to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). Having exhaustively examined the record and considered the relevant law, the Court agrees.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation marks and citation omitted). The district court in *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F. Supp. 93 (W.D.N.C. 1990), set forth eleven factors to consider when determining the propriety of such a transfer:

> 1. The plaintiff's initial choice of forum; 2. The residence of the parties; 3. The relative ease of access of proof; 4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; 5. The possibility of a view; 6. The enforceability of a judgment, if obtained; 7. The relative advantages and obstacles to a fair trial; 8. Other practical problems that make a trial easy, expeditious, and inexpensive; 9. The administrative difficulties of court congestion; 10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11. The avoidance of unnecessary problems with conflict of laws.

*Id*. at 96. This Court has undertaken the same analysis with the competent evidence in this record and finds that transfer is proper.

*1. The plaintiff's initial choice of forum.*

Ordinarily, this factor would weigh in favor of Plaintiff. Nevertheless, in a case such as this in which none of the complained-of conduct occurred in the district chosen by Plaintiff to pursue the action, the importance of Plaintiff's choice is greatly diminished. *DeLay & Daniels, Inc. v. Allen M. Campbell Co.,* 71 F.R.D. 368, 371 (D. S.C. 1976)*; Northwest Animal Hosp. Inc. v. Earnhardt,* 452 F. Supp. 191, 193 (W.D. Okla. 1977); *Morgan v. Illinois Central R. Co.,* 161 F. Supp. 119, 120 (S.D. Tex. 1958). Therefore, to the extent that this factor favors Plaintiff, its effect is minimal.

2

*2. The residence of the parties.*

Plaintiff is a resident of South Carolina and Defendant is a resident of Ohio.  Therefore, this factor favors neither party.

*3. The relative ease of access of proof.*

As stated by Plaintiff, "Nothing about the ease of access to sources of proof will change with a transfer to the Southern District of Ohio."  (Plaintiff's Response 7.)  Conversely, the same is true.  Stated differently, no evidence in the record supports a finding for either party as to this factor.

*4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses.*

Both Plaintiff and Defendant will be able to require their own employees and officers to attend a trial and/or hearings and depositions without regard to which district maintains the action.  Moreover, based on the record before it, the Court is unable to determine if the cost for the attendance of these witnesses would be greater in one district as opposed to the other.  Therefore, the more pressing consideration here concerns third-party witnesses.

Simply stated, there are no third-party witnesses involved in this suit who are located in South Carolina.  Several, however, are in Ohio – including, but not limited to, the Ohio magistrate, the court reporter, and clerk's office personnel.  (Defendant's Reply 4.)  These individuals' testimony in this district cannot be secured through compulsory process.  As such, this factor weighs in favor of Defendant's motion to transfer venue.

*5. The possibility of a view.*

This factor favors neither party.

*6. The enforceability of a judgment, if obtained.*

Given that Plaintiff seeks both injunctive and monetary relief from Defendant, a company headquartered in Ohio, it appears that the enforceability of a judgment, if obtained, would be more easily secured in Ohio. Therefore, this factor favors transfer.

*7. The relative advantages and obstacles to a fair trial.*

Except as detailed herein, there is no other evidence in the record to support an argument that there are any other relative advantages and obstacles to a fair trial here as compared to the Southern District of Ohio. Accordingly, the Court finds that this factor favors neither party.

*8. Other practical problems that make a trial easy, expeditious, and inexpensive.*

There can be no dispute that, if this case is tried here, it will be easier, more expeditious and less expensive for Plaintiff. Likewise, if the case is tried in the Southern District of Ohio, it will be easier, more expeditious and less expensive for Defendants. As such, the Court finds that this factor is not favorable to either party.

*9. The administrative difficulties of court congestion.*

Again, there is no competent evidence in the record to favor either party as to this factor.

*10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action.*

The underlying facts giving rise to this action took place in Ohio. Although this is not a diversity case, there are state causes of action. A review of the relevant state law in South Carolina and Ohio, however, convinces the Court that the law of each state in these areas is strikingly similar. Therefore, because the underlying facts giving rise to this controversy occurred in Ohio, the Court finds that this factor weighs in favor of transfer.

*11. The avoidance of unnecessary problems with conflict of laws.*

As noted above, there does not appear to be a conflict of laws. Thus, this factor favors neither party.

In sum, only factor 1 weighs in favor of Plaintiff's argument that the case not be transferred, and that weight is minimal; factors 4, 6, and 10 weigh in favor of Defendant's argument that the case be transferred; and factors 2, 3, 5, 7, 8, 9, and 11 provide no guidance.[*]

When the record is considered as a whole, the Court is firmly convinced that Defendant's motion to transfer should be granted. Therefore, the Court will enter judgment accordingly.

### III.    CONCLUSION

Wherefore, in light of the foregoing discussion and analysis, the Court concludes that Defendant's motion to transfer will be **GRANTED**.

**IT IS SO ORDERED**.

Signed this 31st day of January, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[*]The Court notes that some factors carry more weight than others. Moreover, these factors are certainly not exhaustive.